UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GODO KAISHA IP BRIDGE 1,<br><br>Plaintiff,<br><br>v.<br><br>OMNIVISION TECHNOLOGIES INC,<br><br>Defendant. | Case No. 17-cv-00778-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ENLARGE TIME FOR COMPLETION OF DISCOVERY AND RELATED DEADLINES**<br><br>[Re: ECF 139] |

Before the Court is Plaintiff's administrative Motion to Enlarge Time for Completion of Discovery and Related Deadlines ("Motion") pursuant to Civil Local Rules 6-1 and 6-3. ECF 139. Defendant opposes the Motion. ECF 141. Specifically, Plaintiff requests that the Court extend the deadline for completion of fact discovery from November 12,[1] 2018, to February 8, 2019, and adjust expert discovery/report deadlines and the dispositive motion briefing schedule accordingly. *See* Motion at 1. For the reasons stated below, Plaintiff's Motion is DENIED.

**I.   LEGAL STANDARD**

A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). A "good cause determination focuses primarily on the diligence of the moving party." *Yeager v. Yeager*, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should

---

[1] The parties agree that the fact discovery deadline should be extended to December 21, 2018, but dispute whether additional extension is warranted. *See* Motion at 1; Opp'n at 5.

1 end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

Civil Local Rule 6-3 sets forth specific requirements for a motion to change time. The moving party must file three documents: (1) a motion of no more than five pages; (2) a proposed order; and (3) a declaration. Civ. L.R. 6-3(a). The declaration must set forth "with particularity" the reasons for the requested enlargement of time, the efforts to obtain a stipulated time change, "the substantial harm or prejudice that would occur if the Court did not change the time," any prior time modifications in the case, and the effect of the modification on the case schedule. Civ. L.R. 6-3(a)(1)-(6).

## II.   DISCUSSION

Plaintiff argues there is good cause to extend the fact discovery and other deadlines "because outstanding [depositions] cannot reasonably be accomplished by [Defendant's] proposed cutoff of December 21." Motion at 2. Plaintiff further argues that Defendant's insistence "on such a short extension [to December 21, 2018] . . . would impose unnecessary burden on the parties and their counsel." Motion at 1. However, Plaintiff misses the point. The primary focus of a good cause determination to amend a scheduling order is "the diligence of the moving party." *Yeager*, 2009 WL 1159175, at *2. Here, Plaintiff has not demonstrated that it diligently pursued the discovery at issue.

Fact discovery has been ongoing for 18 months, *see* Zang Decl. ¶ 2, ECF 141-1, and Plaintiff was put on notice on June 26, 2017, that fact discovery would close on November 12, 2018, *see* Order Setting Deadlines, ECF 72. Plaintiff admits that "[o]n October 5, 2018, [Plaintiff] served a Rule 30(b)(6) deposition notice on [Defendant] which was set to occur on November 6, 2018," mere days before the discovery deadline. *See* Motion at 3. Plaintiff further admits that "[o]n October 17, 2018, [Plaintiff] also served deposition notices for two [Defendant] fact witnesses to occur on November 7 and 8, 2018." *Id.* Yet, Plaintiff offers no explanation in its Motion or accompanying declaration explaining why it waited until October 2018, approximately one month before the close of discovery, to notice and schedule the depositions at issue.

Without some explanation for that delay or indication of factors outside Plaintiff's control, the Court cannot conclude that Plaintiff diligently pursued the discovery at issue. *See Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc.*, 2012 WL 6095089, at *3 (N.D. Cal. Dec. 7, 2012) ("Plaintiff provides no explanation for why it waited, at minimum, nearly two full months . . . despite its knowledge that the discovery cutoff in this action loomed . . . ."). Plaintiff instead focuses on events that have or have not occurred since Plaintiff noticed the depositions. *See generally* Motion. However, this is insufficient to show Plaintiff's diligence in pursuing discovery, and as a result, "the inquiry should end." *See Johnson,* 975 F.2d at 609.

Lastly, the Court notes that Defendant is aware of the need "to complete the five outstanding depositions" and is committed to doing so by December 21, 2018. *See* Opp'n at 5, ECF 141. While this may be inconvenient to the parties and counsel, inconvenience is not the standard to amend the Court's scheduling order.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion at ECF 139 is DENIED. The dates and deadlines set forth in the Court's Order Setting Deadlines at ECF 72 remain in effect, except for the change depicted in the table below, to which the parties agree, *see* Motion at 1; Opp'n at 5.

| EVENT | EXISTING DATE OR DEADLINE | UPDATED DATE OR DEADLINE |
| --- | --- | --- |
| Close of fact discovery | ~~November 12, 2018~~ | December 21, 2018 |

**IT IS SO ORDERED.**

Dated: November 27, 2018

_____
BETH LABSON FREEMAN
United States District Judge

3